

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,875

### EX PARTE JOSEPH MICHAEL STERLING, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 886600-A IN THE 185TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to register as a sex offender and sentenced to twenty-seven years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Sterling v. Texas*, No. 07-02-0183-CR (Tex. App. – Amarillo, April 3, 2003, no pet.)

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to note that one of the prior convictions used to enhance Applicant's punishment range to

that of a habitual felony offender was not available for such use.

The trial court has determined that trial counsel was ineffective in that counsel allowed Applicant to plead "true" at the punishment stage to the invalid enhancement, and that such ineffective representation prejudiced Applicant in that the jury was instructed to sentence Applicant under the incorrect punishment range. We find, therefore, that Applicant is entitled to a new punishment trial in Cause No. 886600-A from the 185th Judicial District Court of Harris County. The sentence in that cause is set aside, and Applicant is remanded to the trial court for a new sentencing trial.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 19, 2008
Do Not Publish